[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13895

_____

D.C. Docket No. 1:16-cv-20905-JLK

CENTER FOR INDIVIDUAL RIGHTS,

Plaintiff-Appellee,

versus

IRINA CHEVALDINA,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Florida

_____

(September 30, 2020)

Before MARTIN, ANDERSON and TALLMAN,* Circuit Judges.

_____

*Honorable Richard C. Tallman, U.S. Circuit Judge for the Ninth Circuit, sitting by designation.

PER CURIAM:

We have had the benefit of oral argument and have carefully reviewed the briefs of the parties and relevant portions of the record.  We write only for the parties who are fully familiar with this case, so it is necessary only for the opinion to explain our disposition of this appeal.

## I. CHEVALDINA'S COUNTERCLAIM FOR VIOLATION OF DPPA

We address first the district court's grant of summary judgment in favor of the Center for Individual Rights ("CIR") on Chevaldina's counterclaim against CIR for alleged violation of the Driver's Privacy Protection Act ("DPPA").  We agree with the court below that Chevaldina has wholly failed to adduce any evidence of a use by CIR that violates her protected information.  The only use supported in the record involves the Accurint Report, but the record is clear that it was used by CIR only in the instant lawsuit in connection with its defense of Chevaldina's claim.  This is expressly a "permissible use."  See 18 U.S.C. §2721(b)(4) (permissible uses include the "use in connection with any civil . . . proceeding in any [f]ederal, [s]tate or local court or agency.").  Contrary to Chevaldina's allegation, she failed to adduce evidence that her protected information was published on a LinkedIn page.  Accordingly, we affirm the judgment of the district court to the extent it grants summary judgment in favor of CIR on Chevaldina's DPPA claim.

2

## II. CIR'S BREACH OF CONTRACT CLAIM

With respect to this claim, we first address several challenges by Chevaldina to the legality of the Retainer Agreement, and then address whether the district court erred in granting summary judgment in favor of CIR.

### A.  Chevaldina's challenges to the legality of the Retainer Agreement

We reject Chevaldina's various arguments that the Retainer Agreement is illegal, unenforceable as against public policy, and/or in violation of Florida's Rules Regulating the Florida Bar.  These arguments are waived because Chevaldina failed to assert them as affirmative defenses.  In any event, all of the arguments are without merit.  There is nothing illegal, or even wrong, with a pro bono retainer agreement that provides for the attorney to receive attorneys' fees that are awarded to the prevailing party by the court, or that are part of a settlement recovery obtained for the client from opposing parties. With respect to Chevaldina's argument that the Retainer Agreement was void as a violation of the rules against solicitation, Chevaldina's argument fails on both the law and the facts. Florida's statute in this regard expressly exempts legal aid associations, of which CIR is one. Fla. Stat. § 877.02(1) (2020). In addition, the facts on which Chevaldina relies do not constitute solicitation.[1]

---

[1]     We reject CIR's argument that the law of the District of Columbia should apply to the breach of contract summary judgment issues.  These issues were litigated on the assumption by

B. <u>The district court erred in granting summary judgment in favor of CIR on its breach of contract claim</u>

We note that the district court erred when it, <u>sua sponte</u>, granted summary judgment in favor of CIR on its breach of contract claim. We are doubtful that there was sufficient notice to Chevaldina (who was pro se) to fall within the narrow exception for harmlessness.  We need not definitively decide that issue, however, because we conclude that the district court erred in any event granting summary judgment for CIR on its breach of contract claim because there are genuine issues of material fact precluding summary judgment.  There are genuine issues of material fact as to whether Chevaldina committed a breach of contract when she entered into the global settlement which provided only $10,000 in attorneys' fees for CIR.  As examples, there are significant issues of material fact concerning (1) whether CIR authorized Schachter to negotiate the global settlement on CIR's behalf, (2) whether $10,000 is reasonable compensation for CIR's legal work, and (3) whether CIR considered $10,000 as unreasonable payment for its work.  Accordingly, we vacate the judgment of the district court to the extent that it granted summary judgment in favor of CIR on its breach of contract claim.

---

all parties that Florida law applied; CIR argued for the first time after summary judgment that the law of the District of Columbia should apply.  Moreover, even on appeal, CIR fails to point to any relevant difference in the two legal regimes.

### III. CIR'S CROSS-APPEAL WITH RESPECT TO SANCTIONS

With respect to CIR's cross-appeal, we note that the district court apparently denied CIR's request for sanctions, thinking that the issues were moot because all of the sanctions issues related to the DPPA claim and that claim was so clearly resolved in CIR's favor in any event. However, the sanctions issues are not moot with respect to the fabrication of evidence claim and with respect to Chevaldina's several motions to compel which were denied by the magistrate judge on the merits.[2] A sanctions issue involves potential abuse of the judicial process and is independent of the underlying substantive claim. See Didie v. Howes, 988 F.2d 1097, 1103 (11th Cir. 1993). Accordingly, the district court erred to the extent that it rejected these sanctions issues thinking they were moot. We explicitly note, however, that we express no opinion on the merits of the sanctions issues, a matter committed to the broad discretion of the district court.

### IV. CONCLUSION

For the foregoing reasons, the judgment of the district court is affirmed to the extent it granted summary judgment in favor of CIR on Chevaldina's DPPA claim. However, the judgment of the district court is vacated to the extent it granted judgment in favor of CIR on its breach of contract claim. And on CIR's

---

[2]    The sanctions issue relating to CIR's motion to strike certain pages submitted by Chevaldina is moot.

5

cross-appeal, the judgment of the district court is vacated to the extent it denied as moot CIR's motions for sanctions with respect to its fabrication of evidence claim and with respect to Chevaldina's several motions to compel.[3]  This case is remanded for further proceedings not inconsistent with this opinion.

AFFIRMED in part, VACATED in part, and REMANDED.

---

[3]    All arguments of the parties, other than those addressed in the text of this opinion, are rejected either as without merit, or as moot because of one of the opinion's rulings.